UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL MORTON, <br><br> Plaintiff, <br><br> v. <br><br> VENESSA JOHANSON, et al, <br><br> Defendants. | CASE NO. 3:16-cv-05728-RJB-KLS <br><br> ORDER GRANTING LEAVE TO FILE SUPPLEMENT TO COMPLAINT |

Plaintiff Cecil Morton requests leave to file a supplemental complaint. Dkt. 9. Defendants do not oppose plaintiff's motion to the extent that he is requesting leave to amend his complaint in its entirety. Dkt. 12. Plaintiff argues that he should be allowed to file a supplement to his complaint pursuant to Fed. R. Civ. P. 15(d) because the proposed supplement includes matters that occurred after the filing of his original complaint. Dkt. 16.

## DISCUSSION

Plaintiff's original complaint was filed in August 2016. Dkt. 1. In his proposed supplement, plaintiff seeks to add a claim of retaliation against a new party, Ronnie L. Rucker, for conduct relating to plaintiff's extended family visitation (EFV) application that occurred between May and September of 2016. It appears that some of the conduct, including Plaintiff's

ORDER GRANTING LEAVE TO FILE
SUPPLEMENT TO COMPLAINT - 1

unsuccessful appeal of the denial of his EFV application occurred in September 2016, after the filing of his original complaint.  Dkt. 9-2.  Plaintiff alleges that Mr. Rucker wrongfully used the infraction, which forms the basis of the allegations in his original complaint, as a basis to deny his EFV application.

Rule 15(d) allows the court to grant a plaintiffs' motion to serve a supplemental complaint, "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  The rule allows district courts broad discretion to permit supplemental pleadings.  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir.1988).  Rule 15(d) is meant to avoid the costs, delays, and wastes associated with separate actions.  *Id*.  In addition, the Supreme Court has expressly approved the addition of new parties under the Rule: "[Fed.R.Civ.P. 15(d)] plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary."  *Griffin v. County School Board*, 377 U.S. 218, 227 (1964).

The allegations in the original and supplemental complaint are clearly stated and should not cause confusion for the defendants.  There is also a relationship between the claim in the supplemental complaint and the claims in the original complaint.  A supplemental complaint under the circumstances of this case will assist in the "efficient administration of justice" and a supplement "ought to be allowed as of course, unless some particular reason for disallowing them appears."  *Keith,* 858 F2d at 473.  Defendants have not presented a sufficient reason to not allow acceptance of the supplemental complaint.  Under separate order, the Court will direct service of the supplemental complaint on Mr. Rucker.

It is, therefore, **ORDERED**:

ORDER GRANTING LEAVE TO FILE
SUPPLEMENT TO COMPLAINT - 2

(1) Plaintiff's motion to file a supplemental complaint (Dkt. 9) is **GRANTED.** The Clerk is directed to file the proposed supplemental complaint (Dkt. 9-2) on the docket as the Plaintiff's Supplemental Complaint.

(2) The Clerk shall send copies of this Order to plaintiff and counsel for defendants.

Dated this 2nd day of December, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING LEAVE TO FILE
SUPPLEMENT TO COMPLAINT - 3