1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                          AT TACOMA

10

11   CECIL MORTON,                          CASE NO. 3:16-cv-05728-RJB

                          Plaintiff,        ORDER ON REPORT AND
12         v.                               RECOMMENDATION ON CROSS
                                            MOTIONS FOR SUMMARY
13   VANESA JOHANSON, et al.,                JUDGMENT

14                        Defendants.

15

16

17        THIS MATTER comes before the Court on the Report and Recommendation on Cross

18   Motions for Summary Judgment of United States Magistrate Judge Theresa Fricke. Dkt. 58. The

19   R&R considered cross motions for summary judgment by Plaintiff and Defendants. Dkts. 44, 46.

20   The Court has considered the R&R, Plaintiff's Objections (Dkt. 64), Defendants' Response (Dkt.

21   69), Plaintiff's Reply (Dkt. 73), the underlying motions (Dkts. 44, 46), and the remainder of the

22   file herein.

23   1.   *Factual Background.*

24

1  The facts are detailed and well-substantiated by the R&R, *see* Dkt. 58 at 1-5, which the

2  Court adopts, but the Court provides the following as background to reaching the merits of

3  Plaintiff's Objections.

4  The underlying incident for Plaintiff's §1983 Due Process claims began at an April 5,

5  2011 in-custody disciplinary hearing, when Department of Corrections (DOC) sanctioned

6  Plaintiff for assaulting his wife, Sharyn Morton, during a visitation. In finding that Plaintiff

7  committed the "711 infraction," a number derived from the inmate disciplinary code, DOC: (1)

8  revoked forty-five (45) days of good time credit; (2) sanctioned Plaintiff to nine months of

9  administrative segregation; and (3) revoked ninety (90) days of visitation privileges. DOC

10 thereafter terminated Plaintiff's Extended Family Visiting (EFV) privileges.

11 Plaintiff appealed the disciplinary sanction to the Washington State Supreme Court,

12 which reversed and remanded after finding that Plaintiff had been denied the chance to present

13 testimony of Ms. Morton at the April 5, 2011 disciplinary hearing. At a second disciplinary

14 hearing on May 6, 2016, the 711 infraction was dismissed on procedural grounds, with no

15 sanction imposed. *See* Dkt. 13-2 at 7 ("Due Process—continuance was not signed by the

16 Superintendent"). DOC removed the infraction from Plaintiff's OMNI Legal Face Sheet and

17 adjusted his early release date to restore the good time credits. Plaintiff is still in custody, and his

18 good time credits have been restored. In the interim between the April 5, 2011 hearing and the

19 May 6, 2016 hearing, Plaintiff was placed in administrative segregation. After the May 6, 2016

20 hearing, Plaintiff reapplied, and was denied, EFV privileges.

21 Plaintiff's re-application for EFV privileges was prepared in May of 2016 by Defendant

22 Donnie Rucker, Plaintiff's assigned counselor. The re-application included a reference to the 711

23 infraction litigated at the April 5, 2011 disciplinary hearing. According to Defendant Rucker, he

24

included reference to the 711 infraction, even though it had been dismissed, because he still had safety concerns and wanted to provide context about why Plaintiff was re-applying. The re-application was submitted to a DOC panel, including Defendant Rucker, which recommended granting EFV privileges, on June 1, 2016. A DOC supervisor ultimately rejected the DOC panel's recommendation to grant EFV privileges. Prior to the DOC panel issuing its recommendation, on May 21, 2016, Plaintiff filed a grievance complaining of an unfair EFV privilege process. The administrative grievance did not name Defendant Rucker by name and was administratively denied on June 30, 2016 for the failure to "rewrite" the grievance to address certain concerns.

The Complaint alleges constitutional violations under the First, Fifth, and Fourteenth Amendments.

2. *Discussion.*

Plaintiff objects to "all adverse rulings" in the R&R, but acknowledges that "Plaintiff's position is set out primarily in plaintiff's summary judgment motion." Dkt. 64 at 1. Because the Court will adopt the R&R, the Court's 'position' is set out primarily in the R&R, which addressed the merits of cross motions for summary judgment. Dkt. 64. The following analysis is intended to address Plaintiff's Objections and not rewrite analysis of the R&R.

* *

***Objection***: "The Court should reject the R&R where plaintiff submitted new evidence and new facts . . . [and thus] may consider a successive summary judgment." Dkt. 64 at 7.

Plaintiff argues that he has offered new facts not previously available, which warrants reconsideration of prior findings. Dkt. 64 at 7. This additional evidence "change[s] this case significantly," Plaintiff contends. Dkt. 73 at 3. Plaintiff does not detail exactly what facts are

newly available, or more importantly, how those facts would change the merits of the prior

Order. An examination of all citations to the record given by Plaintiff (Dkt. 64 at 7) does not

point to material facts ignored by the R&R in its analysis of Plaintiff's claims. *See* Dkts. 42, 53,

54, 56. This objection is unavailing.


***Objection***: "The Court should reject the . . . R&R as Defendant's [*sic*] are not entitled to

summary judgment where no showing of a liberty interest is required on the Due Process claim."

Dkt. 64 at 4.  *See also*, Dkt. 64 at 8, 10.

Put differently, Plaintiff theorizes that a procedural Due Process claim can be sustained

without implicating an underlying liberty interest. Not so. To invoke the procedural protections

of the Due Process Clause, the plaintiff must establish that there is a deprivation of life, liberty or

property without proper procedural protections. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

"A liberty interest may arise from the Constitution itself . . ., or it may arise from an expectation

of interest created by state laws or policies." *Id*. Interests created by the state "will be generally

limited to freedom from restraint which, while not exceeding the sentence in such an expected

manner as to give rise to protection by the Due Process of its own force, nonetheless imposes

atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*

*v. Conner*, 515 U.S. 472, 482 (1995).

Applied here, even if it is assumed that Plaintiff was denied proper procedural

protections, Plaintiff has not established the deprivation of a liberty interest, considering any of

the three disciplines imposed. Revoking good time credits implicates Due Process procedural

protections, *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974), the good time credits have been

restored. Any constitutional errors has been corrected. Imposing administrative segregation also

may trigger some procedural protections, *Sandin*, 515 U.S. at 486, but Plaintiff has not made any showing that the conditions imposed atypical and significant hardship. Plaintiff similarly fails to show atypical and significant hardship for revocation and denial of EFV privileges, and visitation privileges do not, themselves, invoke constitutional protections. The claims cannot be sustained under procedural protections of the Due Process Clause.

The Court does not reach the issue of what process was due to Plaintiff for disciplines imposed.

Plaintiff makes several related arguments about his procedural Due Process claims. First, Plaintiff argues that the second hearing on May of 2016 gives rise to a Due Process claim, because although the 711 infraction was dismissed, Plaintiff was again denied the chance to offer testimony of Ms. Morton. Dkt. 64 at 12. Plaintiff argues that although "Plaintiff is not asserting any right to visitation . . . [he] is asserting a due process right not to have a dismissed [711] infraction used in determining his programming eligibility[.]" Dkt. 64 at 10. These arguments fail, because they presuppose, as Plaintiff previously argued, that a procedural Due Process claim can be sustained without a constitutional deprivation.

Plaintiff argues that he provided "proof" that the 711 infraction still exists in the "computer system and other chronos" in violation of his Due Process rights. Dkt. 64 at 11. Plaintiff cites as proof "Ex. 3 attached Plaintiff's Reply to Defendant's Summary Judgment," which appears to be Dkt. 56, which has no such numbered exhibit. Plaintiff also cites to "Plaintiff's declaration in Opposition to Defendant's Summary Judgment ¶16," wherein Plaintiff affirms, "I am aware that the dismissed WAC 711 2011 infraction is still in the DOC liberty computer system pursuant to DOC Policy 590.100, and other chronos, memos." Dkt. 54 at 2. This is a self-serving statement, without any basis elsewhere in the record. But more fatally, as

the R&R reasons, "[e]ven accepting plaintiff's assertion as true for purposes of this analysis, he presents no evidence that the reference to the infraction in some unspecified context . . . would deny him any liberty interest that would potentially support a due process claim." Dkt. 58 at 10, 11.

***Objection***: "There are numerous genuine issues of material fact in dispute which exist that prevent summary judgment" on Plaintiff's First Amendment retaliation claim. Dkt. 64 at 13-21.

Plaintiff alleges that Defendant Rucker acted with retaliation by including a reference to the 711 infraction (which was dismissed) in Plaintiff's EFV re-application. Plaintiff theorizes that Defendant Rucker took this action because Plaintiff filed an administrative grievance against Defendant Rucker. The R&R recommends summary judgment of dismissal because of Plaintiff's insufficient showing as to two elements, causation and whether the action taken reasonably advanced a legitimate penological objective. Dkt. 58 at 20-29.

To show causation, the plaintiff must show that the protected conduct was the "substantial or motivating factor." In the context of a retaliation claim, this can be shown that the defendant has knowledge of the protected speech, in this case, an administrative grievance, and that there is either (1) evidence of temporal proximity; (2) verbally expressed opposition by the defendant to the speech; or (3) evidence of the defendant's stated basis for the action is pretextual. As a starting point, applied here, there is no evidence that Defendant Rucker knew of the administrative grievance. Despite Plaintiff's representation that he intended for the grievance to target Defendant Rucker, Dkt. 64 at 14, the grievance makes no mention of Defendant Rucker by name. Dkt. 49-1 at 5.

Also apparent from the administrative grievance is that the grievance administrator had no broader context to imply that the administrator communicated with Defendant Rucker about

Plaintiff's EFV application. The grievance, dated May 20, 2016 and marked as received on May 24, 2016, was denied administratively because "no rewrite received 6/30/16." Dkt. 49-1 at 5. A rewrite requested explanation of: "who are you grieving? Did you submit an application for EFV's? When? Was it denied or approved? Clarify what your complaint is." *Id*.

But even if Plaintiff could show that Defendant Rucker knew of the administrative grievance, which he has not done, as discussed in the R&R, Plaintiff has not made a showing as to temporal proximity, verbal opposition by the defendant, or pretext. *See* Dkt. 58 at 24, 25.

As to the next element, whether the action taken reasonably advanced a legitimate penological objective, to survive a motion for summary judgment the plaintiff must show that there was no legitimate objective to the defendant's actions. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). As discussed in the R&R, Defendant Rucker has provided two reasons to include reference to the 711 infraction, to explain why Plaintiff is re-applying, and because of his safety concerns. Even if, as Plaintiff argues, Defendant Rucker's reasoning has shifted since the outset of the case, as the R&R discusses, the broader context of the record, including email correspondences, supports the view that Defendant Rucker's action reasonably advanced a legitimate penological objective. Dkt. 58 at 26-29.

* * *

The Report and Recommendation on Cross Motions for Summary Judgment (Dkt. 58) is HEREBY ADOPTED.

Plaintiff's Motion for Summary Judgment (Dkt. 44) is DENIED.

Defendants' Motion for Summary Judgment (Dkt. 46) is GRANTED.

The case is HEREBY DISMISSED.

1        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2 to any party appearing *pro se* at said party's last known address.

3        Dated this 13th day of June, 2018.

4

5                         ROBERT J. BRYAN
                        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24